SILVERMAN, Circuit Judge,
concurring:
I concur in the result. It would have been error for the district court to have *495 admitted Hardgraves’s statement over a Bruton objection. But there wasn’t any Bruton objection or any other objection. A party may have perfectly valid reasons for declining to object to evidence that is technically objectionable, but that causes no harm in the context of the facts and the theory of the defense. Just .as an appellate lawyer chooses which rulings to challenge on appeal and which ones to let go, the same is true of trial lawyers and objections. Not every witness has to be cross-examined; not every evidentiary objection has to be made. Good lawyers pick their fights.
Why didn’t defense counsel raise a Bru-ton objection here? The answer is: We don’t know. Counsel may have had a strategic reason for his decision, or he may have been asleep at the switch. If it’s the latter, that’s what a § 2255 motion premised on ineffective assistance counsel is for. However, I don’t agree that it was error per se for the judge to have admitted testimony that wasn’t objected to, even if it could have been.